**Juanita O. IZAGUIRRE, Servando Solis, and Raul Guerrero, Appellants,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 13–86–547–CV.

Court of Appeals of Texas, Corpus Christi.

March 31, 1988.

Rehearing Denied April 28, 1988.

---

Ray R. Marchan, Law Offices of Warren L. Eddington, Brownsville, for appellants.

William J. McCarthy, Roger W. Hughes, Adams, Graham, Jenkins, Graham & Hamby, Harlingen, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

Appellants, plaintiffs below, contest a summary judgment for appellee in their suit claiming injuries from intentional, bad faith denial and delay of workers' compensation payments. The workers' compensation claims had been disposed of prior to this suit. By cross-points, appellee contends that the court should have granted its Plea to Abate and Motion to Dismiss, which the the trial court denied before appellee moved for summary judgment. We affirm the summary judgment against Solis and Guerrero and reverse and remand Izaguirre's cause for trial.

This Court has already decided an appeal from an injunction in the same case in Cause No. 13–85–509–CV. An appellate court may take judicial notice of its judgments and records in the same or related cases. *Buckner Orphans Home v. Berry*, 332 S.W.2d 771, 775 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r.e.); *see also Allright, Inc. v. Guy*, 696 S.W.2d 603, 605 (Tex.App. —Houston [14th Dist.] 1985, no writ); *Rosenthal v. Groves*, 387 S.W.2d 920, 921 (Tex.Civ.App.—Houston 1965, no writ). We will therefore consider the materials on file in the prior appeal when relevant to the issues the parties now raise.

By their original petition, appellants recited that each had been injured on the job, and that appellee intentionally, willfully, and fraudulently denied benefits to avoid having to pay the full benefits due. Appellants claim damages as a result of appellee's actions for emotional distress, reduced credit standing, and aggravation of their physical injuries, as well as punitive damages.

We will first consider appellee's Cross–Point No. One, which contends that the trial court erred in denying the plea to abate and motion to dismiss. Appellee's position is that the workers' compensation statute, Tex.Rev.Civ.Stat.Ann. art. 8306 *et seq.* (Vernon 1967 & Supp.1988), provides the exclusive remedy for all claims between a claimant and the insurer, and thus, all claims of any sort between the claimant and the insurer must first be brought to the Industrial Accident Board (IAB). Based on this premise, it sought a dismissal for failure to exhaust administrative remedies, because appellants originally brought their bad faith claim in the State District Court. All of the parties' briefs discuss whether Texas recognizes an independent action for breach of a duty of good faith and fair dealing by a workers' compensation claimant against the insurer, or whether the workers' compensation statute provides a claimant's sole remedies. We agree with the trial court that an independent, common-law action for bad faith exists and that therefore, the trial court was correct in not dismissing the claim for failure to first raise it with the IAB. *See Aranda v. Insurance Co. of North America,* 748 S.W. 2d 210 (1988).

Appellee argues that the bad faith claim cannot be separated from the employment injury claim. To support this, it points out that the bad faith claim could have no existence but for the employment injury claim. It argues that the injuries for which the bad faith claimant seeks to be compensated are the same as those for which the claimant is compensated in the underlying employment injury claim: financial hardship (inability to pay bills), physical incapacity, and mental anguish. Thus, it contends a bad faith claimant is seeking a double recovery.

Appellee further argues that the workers' compensation statute was intended to be the exclusive remedy for workers' injuries arising from industrial accidents, and that the statute provides safeguards in the form of penalties the IAB may assess against abusive insurance carriers. Thus, it concludes, workers' compensation insurers do not enjoy unfettered control over claims processing. It further contends that any complaint of inadequacy of statutory controls and penalties should be addressed to the legislature.

Appellee additionally articulates the concern that recognizing a common-law bad faith claim would abrogate the role of the IAB and cause protracted lawsuits over every compensation claim. Finally, appellee suggests that computation of damages would be difficult or impossible in some circumstances.

■ The insurance carrier handling a workers' compensation claim owes the claimant a duty of good faith and fair dealing, and that breach of this duty, or "bad faith," is a tort independent of the underlying claim for employment injury and of the IAB's rules. *Aranda* at 214. A bad faith claim does not arise from the employment injury itself, but rather from separate acts during the processing of such a claim. To demonstrate the distinctness of the causes of action, we need only look to the elements of each. A workers' compensation claim alleges that the claimant suffered incapacity in the scope of employment as a result of an accidental injury or an occupational disease. *See Houston Fire*

*& Casualty Insurance Co. v. Dieter,* 409 S.W.2d 838, 841 (Tex.1966); *Texas Employers' Insurance Association v. Garza,* 675 S.W.2d 245, 247 (Tex.App.—Corpus Christi 1984), *writ ref'd n.r.e. per curiam,* 687 S.W.2d 299 (1985); *Texas Employers' Insurance Association v. Dryden,* 612 S.W. 2d 223, 224 (Tex.App.—Beaumont 1980, writ ref'd n.r.e.). A bad faith claim alleges that an insurer denied the underlying claim or delayed payment when it had no reasonable basis, or without determining whether it had a reasonable basis for the denial or delay. *Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W.2d 165, 167 (Tex.1987); *see also Aranda* at 212.

■ Moreover, the successful bad faith claimant does not receive a double recovery on the original claim. A bad faith recovery includes damages not for the original injury or disease and its resulting incapacity, but only for the damages resulting from the bad faith acts; not for the loss of earning capacity, but for the additional costs, economic hardship, or losses due to nonpayment of amounts owed; and not for the mental anguish of originally suffering the injury, but for being subjected to the bad faith acts. Additionally, upon proper proof, a bad faith claimant can recover punitive damages.

■ Difficulty in ascertaining damages does not prevent recovery. *Vance v. My Apartment Steak House,* 677 S.W.2d 480, 484 (Tex.1984).

■ Appellee argues that allowing a common law action for bad faith evades art. 8306 § 3 and improperly creates jurisdiction in the trial court to pass on workers' compensation benefits. We agree with appellee's analysis that workers' compensation provides compensation for the lost earning capacity and medical expenses due to the injury, but not for pain, suffering, or the injury itself. *Texas Employers Insurance Association v. Clack,* 134 Tex. 151, 132 S.W.2d 399, 401 (1939); *Baker v. Westchester Fire Insurance Co.,* 385 S.W.2d 447, 449 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.); *Hotchkiss v. Texas Employ-*

ers' *Insurance Association,* 479 S.W.2d 336, 339–40 (Tex.Civ.App.—Amarillo 1972, no writ). It avoids litigation of fault in return for limited, but easily ascertainable, damages. *See Woolsey v. Panhandle Refining Co.,* 131 Tex. 449, 116 S.W.2d 675, 676 (1938); *Leal v. United States Fire Insurance Co.,* 682 S.W.2d 591, 593 (Tex. App.—Austin 1984, writ ref'd n.r.e.); *Hazelwood v. Mandrell Industries Co.,* 596 S.W.2d 204, 206 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). We agree that an employee accepting workers' compensation benefits may not bring a separate action for the same injury. *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 933 (Tex.1983); *Gore v. Amoco Production Co.,* 616 S.W.2d 289, 290 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). However, as discussed previously, bad faith is not an employment injury, but is a separate and distinct tort arising from the claims handling process.

In *Massey,* the Supreme Court decided the case on pleading defects and did not reach the question of the insurer's duty of good faith and fair dealing. There, the employee attempted to state a cause of action for conspiracy of the employer with the insurer to withhold workers' compensation benefits. However, the court stated that an employee may have both a workers' compensation claim and a claim at common law against the employer for an intentional tort. However, such claims are mutually exclusive, and the employer's intentional act must be separable from the compensation claim and must produce an independent injury. *Massey,* 652 S.W.2d at 933. Applying this reasoning, we conclude that the litigation of a workers' compensation claim under the Act does not preclude a worker from recovering from the insurer at common law for the insurer's separate intentional tort.

■ We have examined articles 8306, § 3 and § 3a, and find no bar to claims against the insurer outside of the workers' compensation statute for its separate tortious acts. *See Aranda* at 214. For example, the workers' compensation statute was not a bar to the assertion of a claim under the

insurance code in *Aetna Casualty and Surety Co. v. Marshall,* 724 S.W.2d 770, 772 (Tex.1987).

Appellee complains that appellants allege it did not comply with the workers' compensation statute. As the beneficiary of the insurance coverage, and as one who has given up other rights in exchange for its protections, the worker may bring an action for a breach of the duty of good faith or for intentional misconduct in the processing of a claim. *Aranda* at 215.

■ We hold that the penalties provided for in article 8306, § 18a, which appellee enumerates, are not the exclusive remedies for any wrongful denials or delays of payments. *Aranda* at 215. If there was any doubt, article 8306, § 18a(f) specifically states that "[n]othing in this section shall be considered in lieu of or in substitution of any other right or remedy as provided in law." The insurer cites *Witty v. American General Capital Distributors, Inc.,* 727 S.W.2d 503 (Tex.1987), as an example of recovery of workers' compensation benefits barring a common law claim. This case is distinguishable because Witty was attempting to bring a common-law action based on *the same* injury for which she was already compensated, *id.* at 506, rather than for a separate, independent injury.

Appellee urges that the decision in *Arnold,* 725 S.W.2d at 167, which recognized a duty of "good faith and fair dealing" in handling insurance claims, applies only to first-party claims, and contends that this duty should not apply in workers' compensation cases because liability is determined by statute rather than by contract. The Supreme Court held to the contrary in *Aranda.* In both *Arnold* and *Aranda,* the Court explained that "[i]n the insurance context a special relationship arises out of the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insured's misfortunes in bargaining for settlement or resolution of claims." *Aranda* at 212; *Arnold* at 167. We do not believe that statutory regulation and existing statutory penalties are any more adequate in this context to equal-

ize bargaining power between workers and insurers in settling claims. If arbitrary or bad faith behavior has not occurred, it is presumed that claimants will not succeed on their bad faith actions. We overrule cross-point one.

By point one, appellants contend that their claims are not barred by *res judicata*, estoppel, or judicial admissions. The insurer's Motion for Summary Judgment includes as exhibits Solis' and Guerrero's petitions, release and settlement agreements, affidavits, and awards from the Industrial Accident Board, all from previous proceedings between the same parties.

■ Pleadings in other actions which contain statements inconsistent with the party's present position are receivable as admissions. *St. Paul Fire & Marine Insurance Co. v. Murphree,* 163 Tex. 534, 357 S.W.2d 744, 747 (1962); *see Cameron County v. Velasquez,* 668 S.W.2d 776, 783 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *City of College Station v. Seaback,* 594 S.W.2d 772, 777–78 (Tex.Civ.App.— Waco 1979, writ ref'd n.r.e.); *Colonial Life & Accident Insurance Co. v. Squyres,* 550 S.W.2d 413, 417 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). The vital feature of a judicial admission is its conclusiveness on the party making it. It not only relieves his adversary from making proof of the fact admitted but also bars the party from disputing it. *Gevinson v. Manhattan Construction Co.,* 449 S.W.2d 458, 466 (Tex.1969).

■ Under the doctrine of judicial estoppel, a party is estopped by having alleged or admitted in a former proceeding under oath the contrary to the assertion sought to be made. *Long v. Knox,* 291 S.W.2d 292, 295 (Tex.1956); *see Washburn v. Associated Indemnity Corp.,* 721 S.W.2d 928, 932 (Tex.App.—Corpus Christi 1986), *writ ref'd n.r.e. per curiam,* 735 S.W.2d 243 (Tex.1987).

■ A cause of action for breach of the duty of good faith and fair dealing must allege that the insurer denied a claim or delayed payment with no reasonable basis, or that the insurer failed to determine whether there was a reasonable basis for the denial or delay. *See Arnold,* 725 S.W.2d at 167.

The releases Solis and Guerrero signed and filed in the district court include the statements, "I understand and agree that the liability of said INSURANCE CARRIER is indefinite, uncertain and incapable of being satisfactorily established...." An insurance company has a right to withhold payments in cases in which liability is uncertain and to rely upon documents filed in court. Solis and Guerrero cannot now claim a breach of the duty by the carrier. Thus, as a matter of law, Solis and Guerrero cannot maintain this suit.

■ There is no showing that Izaguirre signed any such statement. Her release merely discharges the insurer's liability on a previous judgment which did not include this claim.

■ The insurer also claims that any "bad faith" claims are disposed of by *res judicata.* The doctrine of *res judicata* precludes a litigant from relitigating an issue which has been previously decided or which should have been raised in the prior action. *Jeanes v. Henderson,* 688 S.W.2d 100, 103 (Tex.1985); *City of Corpus Christi v. Nueces County Water Control and Improvement District No. 3,* 540 S.W.2d 357, 367 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). However, we hold that it was not necessary for appellants to make any bad faith claims in the same action, as the claims are distinct. *See Aranda* at 214. We overrule point one as to Guerrero and Solis and sustain point one as to Izaguirre.

■ By point of error number two, appellants state that the trial court erred in granting the motion for summary judgment because there is a question of material fact on whether their causes of action are barred by limitations. An action for breach of the duty of good faith and fair dealing sounds in tort. *Chitsey v. National Lloyds Insurance Co.,* 738 S.W.2d 641 (1987); *Arnold,* 725 S.W.2d at 168. Thus, it is subject to the two-year statute of

limitations. Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986).

 The petition alleges that Izaguirre sent the insurer a bill from McAllen Bone & Joint Center for reasonable and necessary treatment on March 17, 1983, but that the insurer denied it on March 25, 1983, in spite of the fact that no bona fide dispute existed as to the insurer's liability. It alleges that the insurer did not provide the statutory benefits due, and used no reasonable effort to investigate the amount due, that Izaguirre presented uncontroverted evidence of her lumbar laminectomy prior to and at a June 9, 1983, informal conference before an IAB representative, and that the insurer unmeritoriously contended on June 23, 1983, that she did not sustain an injury in the course and scope of her employment. It alleges that the IAB made an award on July 14, 1983, but the insurer refused to abide by it and gave notice of intent to appeal on August 1, 1983. Izaguirre filed an appeal on August 15, 1983 and obtained a favorable verdict on October 15, 1984. Her petition alleges that the insurer continually denied that she had suffered an on-the-job injury to her back by its pleadings.

Since Izaguirre has alleged a series of incidents which occurred over a period of time, her pleading is sufficient to allege a continuous injury. *See Arquette v. Hancock,* 656 S.W.2d 627, 629 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Adler v. Beverly Hills Hospital,* 594 S.W.2d 153, 155–56 (Tex.Civ.App.—Dallas 1980, no writ). Thus, limitations does not begin to run on a good faith and fair dealing claim until the underlying claim is resolved. *Arnold,* 725 S.W.2d at 167.

An appeal from the Industrial Accident Board nullifies its award. *Sanchez v. Liberty Mutual Insurance Co.,* 570 S.W.2d 44, 46 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). The insurer ceased any bad faith conduct when it allowed Izaguirre's district court judgment to become final. Izaguirre's Release of Judgment recites a judgment of November 7, 1984. This suit, filed on August 14, 1985, is not barred by limitations. We sustain appellant's second point as to Izaguirre.

 Appellee attempts to raise points on the sufficiency of appellants' summary judgment proof. However, in this case the movant did not make sufficient proof, as a matter of law, to bar Izaguirre's cause of action. Therefore, the burden of proof did not shift to her. *See Torres v. Western Casualty and Surety Co.,* 457 S.W.2d 50, 52 (Tex.1970); *Herndon Marine Products, Inc. v. San Patricio County Appraisal Review Board,* 695 S.W.2d 29, 34 (Tex.App. —Corpus Christi 1985, writ ref'd n.r.e.).

We have considered the other contentions the parties raise and overrule them. We AFFIRM the judgments against Solis and Guerrero and REVERSE and REMAND Izaguirre's cause for trial on the merits.