Leeroy COLEMAN, Appellant,

v.

LUMBERMENS MUTUAL CASUALTY COMPANY, Appellee.

No. 01–89–00791–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 8, 1990.

Rehearing Denied March 15, 1990.

Issac E. Henderson, Houston, for appellant.

Don Karotkin, Funderburk & Funderburk, Houston, for appellee.

Before DUNN, SAM BASS and O'CONNOR, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a summary judgment granted appellee, Lumbermens Mutual Casualty Company. Appellant, Leeroy Coleman, sued appellee for breach of duty of good faith and fair dealing in the handling of his workers' compensation claim.

Appellant alleges that he suffered almost total deafness in both ears on February 20, 1986, while employed with Petro Chemical Services. Before the accident, Petro Chemical had purchased a workers' compensation insurance policy from appellee. Following the accident, appellant states that he sought treatment from a Dr. Mindell, who determined that appellant's hearing loss could have occurred in the scope and course of his employment. Appellant was also examined by a Dr. Waldron, a physician chosen by appellee, who concluded that it was possible appellant's hearing loss was sustained under his working conditions; however, because no previous hearing test had been performed, he could not say if appellant's injuries resulted from that one exposure. Appellant states that, after appellee received each of the reports from Doctors Mindell and Waldron, appellee refused to pay him compensation benefits.

On March 11, 1987, the Industrial Accident Board (IAB) made an award to appellant, and found that he suffered a loss of hearing in both ears beginning February 21, 1986. Appellee appealed the IAB's award to the district court. On September 20, 1988, appellant filed a separate suit against appellee alleging breach of good faith and fair dealing in its settlement practices. On January 29, 1988, an agreed settlement was reached in the first suit, and appellant recovered $25,000 from appellee.

Appellee moved for summary judgment in the breach of good faith suit. Appellant filed his response to the motion for summary judgment, alleging that there were genuine issues of material fact.

In appellant's only point of error, he alleges that the trial court erred in granting summary judgment to appellee, because there were genuine issues of material fact.

On review of a motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every reasonable inference will be indulged in favor of the nonmovant, and any doubts will be resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

The judgment encompassing the settlement agreement, stated that, in the court's opinion, the extent of the injuries was uncertain and incapable of satisfactory ascertainment.

Appellee moved for summary judgment in the second case, asserting in its motion that based on the settlement agreement and judgment in the prior case, the liability of appellee to make the compensation payments was uncertain, giving it a right to withhold payments. It attached as a part of its motion for summary judgment, a

copy of the judgment in the prior suit, and appellant's affidavits.

Appellant filed his response to the motion for summary judgment, alleging that there were genuine issues of material fact. He contended, in his response to the motion for summary judgment, that the documents in support of the court's judgment were ambiguous. Appellant also included a copy of the IAB's award letter, a letter from Dr. Mindell, appellee's answers to appellant's interrogatories, and his affidavit.

■ The "fact section" of appellant's response to the motion for summary judgment cannot be considered as proof to defeat a summary judgment. This section of appellant's pleading contains findings that were allegedly made by Doctors Mindell and Waldron in regards to appellant's injuries. Neither the motion for summary judgment nor the pleadings constitute summary judgment proof. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971). Also included in appellant's response to the motion for summary judgment, was a copy of a letter from the IAB and its findings, and a letter from Dr. Mindell stating that appellant's hearing loss was work-related. Affidavits usually are essential to support allegations in a motion for summary judgment, or a response thereto. Sworn or certified copies of supporting documents must be attached to an affidavit in support of a motion for summary judgment, or served with the motion. Tex.R.Civ.P. 166a(e). Because there was no affidavit to support the allegations, none of the documents appellant referred to or included in his response to the summary judgment were proper summary judgment proof because none of the documents were sworn to or certified.

Appellee's summary judgment proof consists of the prior judgment concerning appellant's workers' compensation claims, appellant's prior sworn affidavit, and the agreement for settlement. Appellant's summary judgment proof consists of appellee's answers to interrogatories, in the prior case, and his affidavit.

■ A workers' compensation claimant who asserts that a carrier breached its duty of good faith and fair dealing by refusing to pay, or delaying payment of a claim, must establish: (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy; and (2) that the carrier knew or should have known that there was no reasonable basis for denying the claim or payment of the claim. *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 213 (Tex.1988).

■ In *Izaguirre v. Texas Employers' Ins. Ass'n*, 749 S.W.2d 550, 555 (Tex.App.— Corpus Christi 1988, writ denied), the court held that under the theory of judicial estoppel, a party is estopped by having alleged or admitted in a former proceeding under oath the contrary to the assertion sought to be made. The court in *Izaguirre* found that the insurance company had a right to withhold payments, where the liability is uncertain, and to rely upon documents filed in that court. Thus, the parties in the *Izaguirre* case could not claim a breach of duty by the carrier.

■ Under the doctrine of judicial estoppel, a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made. *Long v. Knox*, 155 Tex. 581, 585, 291 S.W.2d 292, 294 (1956).

Appellant contends that the summary judgment evidence in this case must be viewed according to the standard in the *Aranda* case. Appellee urges, citing *Izaguirre*, that an affidavit, signed by appellant in the prior proceeding, establishes a reasonable basis for delaying the payment of the benefits of the policy, because appellant judicially admitted in the prior proceeding that the liability of the carrier was indefinite, uncertain, and incapable of being satisfactorily established and, therefore, appellant's bad faith cause of action against appellee fails as a matter of law.

Appellant's affidavit in support of the former judgment is distinguishable from the affidavit filed in the *Izaguirre* case. The relevant language in appellant's affida-

vit, used to settle the compensation suit, is as follows:

> Your affiant further states that there is a bona fide dispute between him and the insurance company as to the nature and extent of his injuries; that he has received treatment and advice from a doctor and is not relying upon any statement by any doctors selected by the insurance company; and that the extent of the injuries is uncertain and incapable of satisfactory ascertainment.

In appellant's affidavit attached to his response to the motion for summary judgment, he stated that:

> When I signed the affidavit of settlement in my workers' compensation case.... I assumed that those papers were for settlement in my worker's compensation case. I also thought the language used in the compensation settlement papers and the compensation judgment meant that the insurance company and I were only settling the compensation case. I thought that the statement in the affidavit that, a bona fide dispute between me and the insurance company as to the nature and extent of the injuries, meant that the insurance company disputed my claim.... I did not take those words to mean that the insurance company was right to dispute my claim and right in its refusal to pay me compensation. If I had known that is what they meant by those words and other words in the settlement papers I never would have signed them.... But I would not have signed those papers if I thought that they had anything to do with my second case.

Appellant contends in his response that his affidavit in the prior case merely asserts that there is a bona fide dispute as to the nature and extent of the injuries, and as to the fact that the extent of the injuries is uncertain and incapable of satisfactory ascertainment. Appellee relies on the *Izaguirre* case, and argues that appellant should be estopped from asserting a position contrary to the one taken in his prior affidavit in the former proceeding. In the *Izaguirre* case the release stated:

> I understand and agree that the liability of said Insurance Carrier is indefinite, uncertain, and incapable of being satisfactorily established....

Appellant's statement was made in an affidavit in a former proceeding under oath. However, appellant's affidavit stated that a "bona fide dispute existed as to the nature and extent of the injuries." In the *Izaguirre* case, there is no such language, as in this case, that a bona fide dispute existed between the claimant and the insurance carrier. In *Izaguirre*, it is clear from the language used that the claimant agreed that the liability of the insurance company was indefinite, uncertain, and incapable of being satisfactorily established, and therefore established a reasonable basis for the carrier delaying the claim. However, in this case, appellant's affidavit, in response to the motion for summary judgment, contends that the statement is not a judicial admission. Furthermore, appellant's statement in the prior affidavit is subject to various interpretations, and as such raises a question of fact.

■ Also, the opinion of the judge, in the prior case, does not preclude appellant from bringing his "bad faith" claim. The court stated in the judgment that:

> [T]he court is of the opinion that the liability of the plaintiff is uncertain, indefinite and incapable of being satisfactorily established....

The doctrine of collateral estoppel precludes relitigation of identical issues or facts of law that were actually litigated and essential to the judgment in the prior suit. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985). In *Speer v. Stover*, 711 S.W.2d 730, 734 (Tex.App.—San Antonio 1986, no writ), the court held that opinions or reasons given by the judge of the court are not part of the judgment. Thus, appellant is not collaterally estopped from bringing his claim, because the opinions of the judge were not essential to the judgment.

Appellant's only point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded.