Beverly L. SMITH and William Smith, Appellants,

v.

AMERICAN ECONOMY INSURANCE COMPANY and Lindsey & Newsom Insurance Adjusters, Inc., Appellees.

No. 2–89–166–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 1, 1990.

Rehearing Denied Sept. 11, 1990.

Frank R. Jewell, Dallas, for appellants.

Strasburger & Price, and P. Michael Jung, Sidney Powell and Paula Denney, Dallas, for appellee American Econ. Ins. Co.

Touchstone, Bernays, Johnston, Beall & Smith, and Mark E. Smith and A. Scott Campbell, Dallas, for appellee Lindsey & Newsom.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

The Smiths appeal from a grant of summary judgment in favor of the appellees in a workers compensation case. In four points of error, they assert that the trial court erred in granting a Motion for Summary Judgment because: (1) their causes of action are not preempted by the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"); (2) they are not judicially estopped to assert their causes of action; (3) the summary judgment motion was not supported by evidence sufficient to support such a judgment; and (4) the defenses urged by the Motion for Summary Judgment were not supported by the pleadings. We reverse the cause and remand for further proceedings because a case challenging a workers compensation claim is not preempted by ERISA, nor is it judicially estopped by a prior Compromise Settlement Agreement.

This is a workers compensation case. Appellees are the American Economy Insurance Company, which is a workers compensation carrier, and Lindsey & Newsom Insurance Adjusters, Inc., which is American's adjuster. The Smiths originally filed suit to set aside an earlier workers compensation Compromise Settlement Agreement (CSA) claiming they detrimentally relied on misrepresentations of the treating physicians recommended by the defendants. In addition, the Smiths claimed American failed to exercise good faith in the handling of Beverly Smith's claim.

On December 22, 1984, Beverly injured her lower back while attempting to move a heavy box of food at work. Two days later, she was admitted to the emergency room of a local hospital. The emergency room doctor referred her to an orthopedic surgeon, but she was refused medical care because appellees refused to accept financial responsibility for her treatment. Appellees instead told Beverly to report to three different doctors, all of whom basically diagnosed her with a mild back strain. Based on these reports, she settled her claim for $12,360. Unfortunately, Beverly's pain did not lessen and she pursued an

independent physician's diagnosis. It was then discovered that she suffered from a herniated intervertebral disk. She had to have the disk removed, and the surgery left her with a permanent partial disability and future medical expense.

The Smiths filed suit against appellees charging that: the three doctors as appellees' agents had misrepresented to Beverly the true nature of her injuries; Beverly had relied on the misrepresentations to her detriment; and appellees had failed to exercise good faith and fair dealing with regard to her workers compensation claim. Appellees responded with a Motion for Summary Judgment asserting that the suit was barred on the following two grounds: (1) the workers compensation claim was a part of an employees benefits plan, and therefore preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 to 1461 (1974); and (2) the claim was judicially estopped because of Beverly's prior agreement to the compromise settlement. The trial court, without noting which argument it found persuasive, granted appellees' Motion for Summary Judgment.

■ A close examination of ERISA reveals that it excepts from coverage a state workers compensation plan if "such [a] plan is maintained solely for the purpose of complying with applicable workmen's compensation laws or unemployment compensation or disability insurance laws; ..." 29 U.S.C. § 1003(b)(3). This provision is generally intended to exempt state workers compensation plans from preemption by ERISA, no doubt to correspond with previous Congressional legislation, an issue addressed later in this opinion. Appellees assert that § 1003 does not apply to Beverly's workers compensation claim because this workers compensation program is not maintained "solely" for the purpose of complying with Texas law. However, they admit that the workers compensation coverage in this case was totally separate and apart from any other insurance coverage provided by Beverly's employer, Braum's Ice Cream Stores, and the workers compensation program was administered under totally separate and independent procedures from any other employee benefits provided by Braum's.

Appellees reason that the workers compensation program is not mandatory and Braum's did not maintain the plan solely for the purpose of complying with applicable workers compensation laws which the language of the exclusion requires. This argument assumes that because an employer can choose either of two courses of action in order to comply with Texas law, the one which it chooses is not chosen "solely" to comply with this law. This position might persuade us if an employer could purchase workers compensation coverage for its workers on a voluntary basis in order to supplement the employees' remedies against an employer for injuries on the job. However, this is not the law in Texas.

When Braum's decided to open a business in Texas and hire workers, Texas law confronted it with a choice: limited liability without fault to any worker injured on the job or unlimited liability only in the event of fault, but with no common-law defenses. Buying workers compensation insurance results in the first option; not doing so results in the second. The choice of an employer to depart from the general common-law tort system has already been made once an employer hires workers in Texas. When that is done, an employer has no choice but to comply with state law.

■ Appellees counter that because Braum's offers a variety of employee benefits, of which workers compensation is one small part, the workers compensation plan is somehow intricately embedded in an employee benefits plan and therefore preempted by ERISA. If such an argument had merit, it could be used to preempt *all* lawsuits which involved workers compensation where other employee benefits were also provided. Such a position clearly flies into the face of Congressional intent. Congress expressly barred removal of workers compensation lawsuits to federal courts in 1958 with the passage of 28 U.S.C. § 1445(c) (Supp.1990), which states: "A civil action in any State court arising under the work-

men's compensation laws of such State may not be removed to any district court of the United States." Put simply, "Section 1445(c) prohibits removal of *all* workers' compensation cases, ..." *Olivarez v. Utica Mutual Ins. Co.,* 710 F.Supp. 642, 643 (N.D.Tex.1989). *See also* S.Rep. No. 1830 in 1958 U.S.Code Cong. & Admin.News 3099, 3105, 3106 (Congress' intent was to stop the removal of worker's compensation cases which were increasing "the already overburdened docket of the Federal courts, the congestion in some of which is now most deplorable").

There is no justification for Texas courts to strain to find a way to burden federal courts with all of their workers compensation suits. Federal courts themselves treat workers compensation cases as suits which involve such a technical statutory form "that they have little real business [being] in a federal court." *Olivarez,* 710 F.Supp. at 643; *Kay v. Home Indem. Co.,* 337 F.2d 898, 901 (5th Cir.1964). Removal of workers compensation cases from state courts to federal courts is forbidden by the express language of federal law. *Kay,* 337 F.2d at 901; 28 U.S.C. § 1445(c). ERISA itself states that "[n]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States...." 29 U.S.C. § 1144(d). Thus, Smith's first point of error is sustained.

■ In point of error two, the Smiths assert that the trial court erred in granting summary judgment because of Beverly's entering into a prior CSA. She originally settled her claim for workers compensation benefits by signing a CSA in reliance upon the alleged misrepresentations of the three doctors she was sent to by appellees. The appellees denied her access to a physician of her own choice by withholding financial approval for any examinations or treatment to perform diagnostic tests by her own doctor to determine the actual cause and extent of her condition. The Smiths assert that the reports of appellees' physicians are erroneous because later diagnostics revealed the actual cause of Beverly's pain to

be a herniated intervertebral disk, not the mild back strain which they reported.

Appellees assert that the Smiths' case is judicially estopped from trial because of Beverly's previously signing the CSA. However, courts have long entertained cases challenging such agreements. *See, e.g., Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466 (1949). The rules of common law applicable to suits involving rescission and cancellation are also applicable to suits brought to set aside compromise settlements. *Id.* at 468; *Johnston v. Barnes,* 717 S.W.2d 164, 165–66 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Gwinn v. Associated Employers Lloyds,* 280 S.W.2d 624 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n.r.e.).

■ Judicial estoppel is not applicable to this case. The doctrine of judicial estoppel applies to a party who presently pleads a position contrary to another position taken in former legal proceedings made under oath. *Long v. Knox,* 155 Tex. 581, 291 S.W.2d 292, 295 (1956); *Yarber v. Pennell,* 443 S.W.2d 382, 384 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.). Appellees do not point this court to previous legal pleadings signed by Beverly under oath in another lawsuit which pertain to the current position she is asserting. Instead, they cite this court to *Izaguirre v. Texas Employers' Ins. Ass'n,* 749 S.W.2d 550 (Tex.App.—Corpus Christi 1988, writ denied), claiming that the plaintiffs therein sued upon the same theories as the Smiths. A close reading of *Izaguirre* reveals major differences, however. *Izaguirre* sued her workers compensation carrier for two reasons: (1) she alleged it intentionally denied her workers compensation claim when she first filed for benefits; and (2) once required to pay, the carrier delayed benefits payment. Beverly made neither accusation in this case. Instead, she alleged that she was not paid enough, because appellees misled her into thinking her claim was worth less than it actually was worth.

■ In order to set aside a CSA, a claimant must show: the misrepresentations concerning his injuries were made by the employer or compensation carrier; he re-

lied on those misrepresentations when making the settlement; and there was a meritorious claim for more compensation than had been paid. *Rodriguez v. American Home Assur. Co.*, 735 S.W.2d 241, 242 (Tex.1987); *Brannon*, 148 Tex. at 293, 224 S.W.2d at 468. All of these facts are alleged by Beverly in her lawsuit. Thus, material fact issues do exist in this case, and the Smiths' second point of error is sustained.

Because the Smiths' first two points of error address the only two points raised in support of appellees' Motion for Summary Judgment, and each is sustained, it is unnecessary that we address the Smiths' remaining points.

The judgment of the trial court is reversed and the case is remanded for trial.