**Greglynn D. BENSON, Plaintiff,**

v.

**WYATT CAFETERIAS, INC., Defendant.**

**No. CA 3–91–0633–R.**

United States District Court,
N.D. Texas,
Dallas Division.

July 22, 1991.

Brenda Jeffers Damuth, Robert W. Hartson, Inc., Dallas, Tex., for plaintiff.

Kent Royce Smith, Bettye S. Springer, Haynes & Boone, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

BUCHMEYER, District Judge.

Plaintiff, alleging that he was injured in a work-related accident, seeks damages for lost wages, lost earning capacity, medical expenses, pain and suffering, and mental anguish. Now before this Court is Defendant's Motion to Dismiss. For the reasons that follow, the Court will GRANT Defendant's Motion.

### FACTS

On or about August 20, 1990, while Plaintiff was an employee of Defendant, he slipped on grease on the floor of the Wyatt Cafeteria at which he worked. As a result of the accident, Plaintiff has suffered back injuries that he claims have diminished his earning capacity and have caused him physical pain and mental anguish. Defendant, while it does not subscribe to a policy of workers' compensation insurance, has adopted an Employee Injury Benefit Plan (the Plan). The Plan provides benefits for, among other things, medical expenses and wage continuation to qualified employees who sustain certain accidental injuries during the course and scope of their employment. Shortly after Plaintiff's accident, he began receiving benefits pursuant to the terms of the Plan.

Despite the fact that Plaintiff was receiving benefits from the Plan for his injury, Plaintiff filed this action in State court. Defendant, citing the Employee Retirement Income Security Act (ERISA), 29 U.S.C. sections 1001–1461 (1985 & Supp.1991), removed the case to this Court. Defendant has moved to dismiss the case based upon Plaintiff's failure to state a cause of action

under ERISA, failure to file the suit against the proper parties, and failure to exhaust administrative remedies. Plaintiff agrees that it has failed in all of these matters, but argues that ERISA does not apply because Defendant adopted the Plan in 1990 solely for the purpose of complying with applicable workers' compensation laws.

## ANALYSIS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) places strict limitations upon a court's review of the merits of the plaintiff's claims. A court only may grant the motion if it finds beyond a doubt that the plaintiff would not be entitled to recover under any state of facts which the plaintiff could prove in support of his claim.[1] Applying this standard, this Court must assume that the facts Plaintiff has alleged are true.[2]

ERISA applies to any "employee welfare benefit plan," a term ERISA defines as:

any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment.[3]

If an employee benefit plan classifies as an "employee welfare benefit plan" under

ERISA, ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[4] The United States Court of Appeals for the Fifth Circuit has stated that a preempted state law includes "any state cause of action that relates to an employee benefit plan, even if the action arises under general state law that in and of itself has no impact on employee benefit plans."[5] The Fifth Circuit has extended ERISA preemption so far as to preclude state law claims for causes of action for which ERISA provides no remedy.[6]

As ERISA preempts all related state laws, Defendant contends that the issue in this motion is whether ERISA preempts Plaintiff's state causes of action. If so, Plaintiff has not stated a cause of action for which the Court can grant relief, and dismissal is proper.

Plaintiff contends that Defendant enacted its Employee Benefits Plan solely for the purpose of complying with Texas workers' compensation laws. ERISA expressly does not pertain to a plan that "is maintained solely for the purpose of complying with applicable workmen's compensation laws."[7] The United States Supreme Court has said that ERISA therefore does not apply to plans that have as their entire purpose compliance with applicable law.[8] The test to determine whether the plan falls under the umbrella of ERISA does not hinge on the employer's motive in instituting the plan, but "whether the plan, as an administrative unit, provides only those benefits" the applicable state law requires.[9]

---

1. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Quinonez v. National Ass'n of Sec. Dealers, Inc.,* 540 F.2d 824, 826–27 (5th Cir.1976).

2. *Keys v. Wolfe,* 709 F.2d 413, 417 (5th Cir.1983).

3. 29 U.S.C. § 1002(1) (Supp.1991). ERISA applies to all employee benefit plans that an employer engaged in commerce establishes or maintains. 29 U.S.C. § 1003(a)(1) (1985). Subsection 1003(b) and sections 1051, 1081, and 1101 articulate exceptions to ERISA coverage, but none of the exceptions apply to exempt Defendant or Defendant's Plan from ERISA regulation.

4. *Id.* § 1144(a) (1985); *see Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987) (stating that ERISA preempts any state law that relates to employee benefit plan).

5. *Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755, 756 (5th Cir.1990).

6. *Id.* at 757.

7. 29 U.S.C. § 1003(b)(3) (1985).

8. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 107, 103 S.Ct. 2890, 2905, 77 L.Ed.2d 490 (1983).

9. *Id.*

A plan providing any benefits the applicable workers' compensation laws do not require therefore is not "maintained solely for the purpose of complying" with the worker's compensation laws.[10] Plaintiff contends that Defendant maintained its plan solely to comply with Texas workers' compensation laws; consequently, ERISA does not preempt state law causes of action, and the Court should not dismiss the suit.

Under Texas law, an employer may choose between buying workers' compensation insurance and participating in the workers' compensation system or not.[11] Thus, the only "compliance" Texas law requires is that the employer *choose* one option or the other. Defendant opted to forego workers' compensation insurance and not to participate in the workers' compensation system.

By choosing not to participate in the workers' compensation system, Defendant complied fully with Texas law, and the law placed no further requirements on Defendant. Defendant's implementation of the Plan therefore was entirely voluntary. While the Plan resembles a workers' compensation plan because it protects injured employees from medical costs and lost wages due to injury, it "is not a workers' compensation plan merely because its benefits are similar to workers' compensation benefits."[12] Accordingly, this Plan is not necessarily, and indeed it is not, a workers' compensation plan.

As Defendant maintains the Plan "for the purpose of providing" for Defendant's employees' "medical, surgical, or hospital care or benefits, or benefits in the event of ... accident, disability,"[13] the Plan qualifies as a employee welfare benefit plan under ERISA. ERISA therefore preempts all state law causes of action and provides Plaintiff's exclusive remedy.[14] As Plaintiff concedes he has not complied with ERISA's requirements for bringing an action against an employee welfare benefit plan, this Court must dismiss Plaintiff's action.

### CONCLUSION

For all of the reasons stated above, the Court hereby GRANTS Defendant's Motion to Dismiss.

---

**10.** *See McBarron v. S & T Indus., Inc.,* 771 F.2d 94, 97 (6th Cir.1985) (concluding that plan with pension component as well as disability component not "maintained solely for purpose of complying with" applicable disability laws); *Stone & Webster Eng'g Corp. v. Ilsley,* 690 F.2d 323, 330 (2d Cir.1982) (concluding that plan broadly designed to serve employees' needs cannot be said to be maintained "solely" for purpose of complying with applicable state laws), *aff'd sub nom. Arcudi v. Stone & Webster Eng'g Corp.,* 463 U.S. 1220, 103 S.Ct. 3564, 77 L.Ed.2d 1405 (1983).

**11.** *Foust v. City Ins. Co.,* 704 F.Supp. 752, 753 (W.D.Tex.1989, no writ); *Smith v. American Economy Ins. Co.,* 794 S.W.2d 574, 576 (Tex. App.—Fort Worth 1990, writ denied).

**12.** *Eurine v. Wyatt Cafeterias, Inc.,* No. 3–91–0408–H, slip op. at 3, 1991 WL 206054 (N.D.Tex. May 16, 1991).

**13.** 29 U.S.C. § 1002(1)(A) (Supp.1991).

**14.** In *Eurine v. Wyatt Cafeterias, Inc.,* No. 3–91–0408–H, slip op. at 3, 1991 WL 206054 (N.D.Tex. May 16, 1991), Chief Judge Sanders also found that Defendant's Employee Injury Benefit Plan is an ERISA plan and cannot be a workers' compensation plan. Accordingly, Chief Judge Sanders found that ERISA preempted all of the *Eurine* plaintiff's state law tort and contract claims. *Id.* at 5.