Albert SOTO, Appellant,

v.

Dr. John N. PHILLIPS, Liberty Mutual Fire Insurance Co., Grocery Supply Co./Sweeney & Co., and Dr. Milton C. Butler, Appellees.

No. 04–91–00408–CV.

Court of Appeals of Texas, San Antonio.

July 15, 1992.

Rehearing Denied July 15, 1992.

Rodolfo R. Munoz, San Antonio, for appellant.

W. Richard Wagner, Bailey and Williams, San Antonio, Kevin J. Keith, Fowler, Wiles, Norton & Keith, L.L.P., Dallas, W.T. Allison, II, Sulphur Springs, J. Hampton Skelton, Catherine L. Hanna, Law Office of J. Hampton Skelton, Austin, for appellees.

Before BUTTS, PEEPLES and CARR, JJ.

## ON APPELLANT'S MOTION
## FOR REHEARING

PEEPLES, Justice.

The motion for rehearing is overruled. Our previous opinion of May 20, 1992, is withdrawn and replaced by the following.

Plaintiff Soto appeals from a take-nothing summary judgment. Defendants sought judgment on res judicata and collateral estoppel grounds based on two prior lawsuits involving the same underlying transaction. Defendants are Soto's former employer, the employer's workers' compensation carrier, and two doctors who testified at the first trial. We hold that res judicata bars Soto's first seven claims against all four defendants, and to that extent we affirm the summary judgment. Concerning Soto's eighth claim, we hold that neither res judicata nor collateral estoppel applies, and because the motions for summary judgment asserted no other grounds, we reverse and remand.

*The first suit.* Soto was injured while working for Grocery Supply Company. Liberty Mutual, the workers' compensation carrier, paid Soto benefits for a time, but eventually, after Drs. Phillips and Butler had examined him, Liberty Mutual stopped making payments. Soto filed a workers' compensation suit, which contained a count against the employer for wrongful termination. The case was tried to a jury, which found that Soto was entitled to less money than he had already received and that the employer had not wrongfully discharged him. The court awarded Soto future medical benefits but otherwise rendered a take-nothing judgment.

*The second suit.* Soto then filed suit in federal court, alleging that the appellees—the carrier, the employer, Dr. Phillips, and Dr. Butler—engaged in a conspiracy in which the carrier and the employer paid off the two doctors in exchange for favorable diagnoses. Soto pleaded two federal theories—R.I.C.O. (18 U.S.C. § 1961 et seq.) and civil rights violations (42 U.S.C. §§ 1983, 1985). He also pleaded several pendent state-law causes of action—bribery, conspiracy, and breach of the duty of good faith and fair dealing. The federal court dismissed the federal causes of action on the merits, saying that all the conduct alleged by Soto occurred prior to the original suit in state court, that his claims should have been asserted in that action, and that they were therefore barred by res

judicata. The court also dismissed the state-law causes of action without stating whether the dismissal was on the merits. The Fifth Circuit affirmed in an unpublished opinion.

*The third suit.* While the federal court was considering the defendants' motions to dismiss, Soto filed the present lawsuit, based on the same fact situation and alleging essentially the same state-law theories as in the second suit. His petition alleged that the defendants intentionally deprived him of his rights under the workers' compensation act and breached the duty of good faith and fair dealing by: (1) denying him his choice of medical provider, (2) sending him to doctors who would improperly diagnose his injury, (3) failing to provide medical treatment under the act, (4) failing to pay weekly compensation, (5) failing to properly investigate the facts, (6) procuring and presenting false testimony before the Industrial Accident Board, and (7) violating the commercial bribery statute, Tex.Penal Code Ann. § 32.43 (Vernon 1989). Each of these seven allegations concerns actions that took place *before* the trial of the first lawsuit. In addition, Soto alleged that (8) the defendants obtained and presented false testimony *during* the trial of the first suit. Soto cites *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex. 1988), which created a cause of action for bad-faith denial of coverage or delay in payment of workers' compensation benefits.

After the federal court dismissed Soto's second lawsuit, all four defendants moved for summary judgment in this, the third case. Their motions urged that (1) the first two lawsuits barred the present claims under principles of res judicata and collateral estoppel, and (2) the jury's verdict in the first case (that Soto had been overpaid) exonerated them from Soto's allegations. Because the summary judgment did not specify the grounds on which it is based, we must affirm if any of the grounds urged in the motions are valid. *See Rogers v. Ricane Enter., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

## I. RES JUDICATA (CLAIM PRECLUSION).

### A. *Liberty Mutual and Grocery Supply.*

 Res judicata bars relitigation of claims that were brought or *could have been brought* in an earlier case involving the same parties (or their privies) and the same subject matter. *See Gracia v. RC Cola–7–UP Bottling Co.*, 667 S.W.2d 517, 519 (Tex.1984); *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex.1979); *Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex. 1971); Restatement (2d) of Judgments §§ 24, 25 (1982). The first lawsuit and the present lawsuit involve two of the same parties (the carrier and the employer) and the same subject matter. The allegations in the present suit are sufficiently related to the underlying transaction from which the first suit arose.[1] Whatever may be the validity of the first seven claims Soto makes in this case—an issue on which we express no opinion—he could have *alleged* them in the first lawsuit. *See* Tex.R.Civ.P. 51. He did not have to wait until the

1. The *Restatement* defines the *scope* of the transaction concerning which additional claims may not be litigated as follows:

§ 24. Dimensions of "Claim" for Purposes of Merger or Bar—General Rule Concerning "Splitting"

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what grouping constitutes a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. Restatement (Second) of Judgments § 24 (1982). Soto's first lawsuit and his first seven allegations in this suit are part of the same transaction for res judicata purposes even though he has alleged different harm and a different theory of recovery in this suit. *See id.* comment c.

workers' compensation suit was resolved to assert the other claims. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex.1990) ("Limitations on a first party claim appropriately begins to run at denial, not the date a separate suit to determine coverage under the contract is resolved"). Though *Murray* was decided after Soto's first suit was tried in December 1988, we see nothing in *Aranda* or other cases that prevented him from alleging his bad faith claims in the first suit. *See Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 168 n. 1 (Tex.1987).

Soto cites *Izaguirre v. Texas Employers' Ins. Ass'n*, 749 S.W.2d 550 (Tex.App.—Corpus Christi 1988, writ denied), which held that res judicata does not bar a bad faith claim arising from a workers' compensation case. The *Izaguirre* court stated, without analyzing the res judicata cases, that it was not "necessary" for the claimant to make his bad faith claims in the underlying suit because the worker's compensation and bad-faith claims are "distinct." *Id.* at 555. But the proper inquiry is not whether it was "necessary" to join the second claim with the first; the issue is whether the second claim arises from the same subject matter and *"could have been litigated in the original cause of action."* *See Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex.1985) (emphasis added). The Texas Supreme Court has consistently held that res judicata applies to claims that "might have been" made in the earlier suit. *See, e.g., Gracia v. RC Cola–7–Up Bottling Co.*, 667 S.W.2d at 519; *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d at 771–72; *Abbott Laboratories v. Gravis*, 470 S.W.2d at 642.

Res judicata now prevents Soto from asserting his first seven claims, which arose *before* the first trial and could have been tried then, against Liberty Mutual and Grocery Supply in the present suit. We therefore affirm the trial court's summary judgment in favor of Liberty Mutual and Grocery Supply on the first seven allegations.

### B. Dr. Phillips and Dr. Butler.

■ The two doctors were not parties in the first suit, but they can assert res judicata if they were in privity with a party. Soto's first five allegations pertain only to the carrier and the employer, and not to the doctors; but the sixth and seventh claims—perjury and bribery before the Industrial Accident Board—are allegations that implicate them. The doctors argue that for res judicata purposes they were in privity with the two defendants in the first suit because in effect Soto accused them of acting in concert with, or being agents of, the carrier and the employer. We agree.

Although Soto does not use the term "vicarious liability," he is asserting that the carrier and the employer are vicariously liable for false testimony and diagnoses by the doctors before trial. His petition alleges that the carrier and the employer "obtained" and "procured and presented" the doctors' perjured testimony; in this he is alleging a vicarious relationship, in which the testifiers acted for the procurers.

■ In situations of vicarious liability, with exceptions not involved here, a judgment for one of the persons in the vicarious relationship bars a later action against the other. *See* RESTATEMENT (2D) OF JUDGMENTS § 51(1) (1982).[2] A plaintiff may not pursue vicariously liable tort defendants one at a time in successive lawsuits. *See Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex.1977); *Marange v. Marshall*, 402

---

**2.** Section 51 reads in relevant part as follows:

If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.

(1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct unless:

(a) The claim asserted in the second action is based upon grounds that could not have been asserted against the defendant in the first action; or

(b) The judgment in the first action was based on a defense that was personal to the defendant in the first action.

RESTATEMENT (2D) OF JUDGMENTS § 51 (1982).

S.W.2d 236, 241 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.).

■ When the allegation is that the parties were in a vicarious relationship, as it is here, a judgment for the principal bars a later suit against the agent. *See Hammonds v. Holmes*, 559 S.W.2d at 347; *Marange v. Marshall*, 402 S.W.2d 236. The converse is also true. Res judicata is available to a principal whose liability rests on derivative or vicarious responsibility for an actor's conduct which was necessarily decided adversely to the claimant in an earlier suit against the actor. *See Maxey v. Citizens Nat'l Bank*, 507 S.W.2d 722, 725–26 (Tex.1974); *Eastland County v. Davisson*, 13 S.W.2d 673, 676–77 (Tex.Comm'n App.— 1929, judgm't adopted); *Mendez v. Haynes Brinkley & Co.*, 705 S.W.2d 242 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) (collateral estoppel); *Weaver v. City of Waco*, 575 S.W.2d 426, 430–31 (Tex.App.— Waco 1978, no writ); *Siratt v. City of River Oaks*, 305 S.W.2d 207, 209 (Tex.Civ. App.—Fort Worth 1957, writ ref'd). That is, a judgment for the agent bars a later suit against the principal.

Because the doctors allegedly acted as agents for the carrier and the employer, they are in privity with each other and may assert res judicata. *See Hammonds v. Holmes*, 559 S.W.2d at 347; RESTATEMENT (2D) OF JUDGMENTS § 51(1). Claims one through five did not pertain to the doctors, and res judicata bars claims six and seven against them.

## II. COLLATERAL ESTOPPEL (ISSUE PRECLUSION).

■ Different principles govern Soto's eighth allegation—that perjury and bribery occurred *during* the first suit. That claim could not have been made in the first suit, and res judicata therefore does not bar it. We must determine whether Soto is collaterally estopped from relitigating whether the doctors testified falsely in the first suit.

■ A party asserting collateral estoppel must establish that

(1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.

*Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex.1990), quoting *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). Collateral estoppel applies even though the later case is based on a different cause of action. *Wilhite v. Adams*, 640 S.W.2d 875, 876 (Tex.1982). Because mutuality of estoppel is not required, the doctors can assert collateral estoppel defensively against Soto even though they were not parties in the first suit. *See Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d at 721.

The jury in the first suit has already decided whether the doctors testified falsely or truthfully, which is what Soto's eighth claim seeks to relitigate. It is inconceivable that the jury could have reached its verdict in the first suit without deciding which witnesses were telling the truth. The credibility and truthfulness of a witness is an inherent issue in every case. Indeed, rule 226a requires trial courts to instruct every civil jury: "You are the sole judges of the credibility of the witnesses and the weight to be given their testimony." *See* TEX.R.CIV.P. 226a(III). Clearly the truthfulness of the witnesses was actually litigated and was essential to the first judgment.

But the supreme court has said that collateral estoppel precludes litigation only of *ultimate* issues of fact, and the court defined ultimate issues in a way that does not cover the truthfulness or honesty of witnesses. "Ultimate issues are those factual determinations submitted to a jury that are necessary to form the basis of a judgment." *Tarter v. Metropolitan Sav. & Loan Ass'n*, 744 S.W.2d 926, 928 (Tex. 1988). The court referred to a case distinguishing between ultimate issues and evidentiary issues in the context of special issue submission. *See Dreeben v. Sidor*, 254 S.W.2d 908 (Tex.Civ.App.—Amarillo 1952, writ ref'd n.r.e.). Under the *Tarter* definition, the truthfulness or honesty of a witness is not an ultimate issue on which a

judgment is based. We must hold that collateral estoppel does not encompass the false-testimony claim.

 Defendants' motions for summary judgment did not urge the long-settled rule that testimony in a judicial proceeding, even if perjured or procured through bribery, is not actionable in a later civil case. *See Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912–13 (1942); *Kale v. Palmer*, 791 S.W.2d 628, 632 (Tex. App.—Beaumont 1990, writ denied) (perjury not actionable even if it is part of conspiracy); *Chandler v. Gillis*, 589 S.W.2d 552, 554 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.); *Morris v. Taylor*, 353 S.W.2d 956, 958 (Tex.Civ.App.—Austin, writ ref'd n.r.e.), *cert. denied*, 371 U.S. 842, 83 S.Ct. 71, 9 L.Ed.2d 78 (1962). This rule rests on the belief that the good accomplished by protecting witnesses and litigants generally from harassment outweighs the wrong or injury that may occasionally be done to a particular individual.[3] *See Reagan*, 166 S.W.2d at 913; *Clark v. Grigson*, 579 S.W.2d 263, 265 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). A litigant cannot avoid this rule by pleading the case as one of bad faith and unfair dealing; nothing in the bad faith cases suggests an exception to the rule that "any communication made in the course of a judicial proceeding is absolutely privileged and immune from civil liability for damages." *Chandler v. Gillis*, 589 S.W.2d at 554; *accord, Clark v. Grigson*, 579 S.W.2d at 265. We do not apply this rule, however, because summary judgment may not be granted or affirmed on grounds not expressly mentioned in the motion. *See Birdwell v. Birdwell*, 819 S.W.2d 223, 229 (Tex.App.—Fort Worth 1991, writ denied); *Roberts v. Southwest Texas Methodist Hosp.*, 811 S.W.2d 141, 144–45 (Tex.App.—San Antonio 1991, writ denied).

Because Soto's first seven allegations concern actions occurring prior to the first trial and could have been alleged then, they are barred by res judicata. As to those claims we affirm the take-nothing summary judgment in favor of all four defendants. Because his eighth allegation, concerning perjury and bribery during the first lawsuit, does not rest on an ultimate issue necessarily determined by the jury in the first case, under *Tarter* he is not collaterally estopped from raising that issue in this case. As to the eighth allegation we reverse the judgment and remand the cause for further proceedings.

---

3. The supreme court made essentially the same observation in a defamation case: "The administration of justice requires full disclosure from witnesses, unhampered by fear of retaliatory suits for defamation." *James v. Brown*, 637 S.W.2d 914, 917 (Tex.1982).