Gary **WASHBURN and Sharron Hodges Washburn, Individually and as Representatives of the Estate of Howard S. Washburn, Deceased, Appellants,**

v.

**ASSOCIATED INDEMNITY CORPORATION, Appellee.**

No. 05–86–00174–CV.

Court of Appeals of Texas, Dallas.

Dec. 2, 1986.

Rehearing Denied Jan. 6, 1986.

Joe Hill Jones, Jerry R. Gibson, Dallas, for appellants.

Before AKIN, WHITHAM and STEWART, JJ.

WHITHAM, Justice.

The issues in this workers' compensation case arise from the race to the courthouse. Appellants Gary Washburn and Sharron Hodges Washburn, individually, and as representatives of the estate of Howard S. Washburn, deceased, appeal from a summary judgment in favor of appellee, Associated Indemnity Corporation. Both parties filed motions for summary judgment. As the result of stipulations of fact, the principal issue becomes whether either the doctrine of judicial estoppel or the doctrine of equitable estoppel, as they are stated and distinguished in *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956), applies against the carrier. We conclude that neither doctrine of estoppel was applicable against the carrier. Consequently, we conclude that

the trial court did not err in granting the carrier's motion and in denying the Washburns' motion. Accordingly, we declare the carrier the winner of the race and affirm.

As Howard's surviving parents, the Washburns sought to recover workers' compensation benefits at the rate of $120.00 per week for a total period of 360 weeks. As representatives of Howard's estate, the Washburns also sought to recover funeral and burial benefits in the amount of $2,500.00. On July 9, 1985, the Industrial Accident Board found that the "evidence submitted fails to establish that [Howard] sustained an injury in the course of employment that resulted in death as alleged." On that day, the board denied the Washburns' claims and entered an award favoring the carrier. The following day, July 10, 1985, the carrier filed its notice of intent to appeal the board's decision and have the action tried de novo before a court of competent jurisdiction. Two days later, on July 12, 1985, the Washburns filed their notice of intent to appeal the decision of the board. However, before the Washburns could file an appeal in the county of Howard's residence, the carrier filed its appeal in the county of the injury, Dallas County. The Washburns then elected to bring a cross-action against the carrier in the action brought by the carrier in Dallas County.

At the hearing on the motions for summary judgment, the trial court had before it the following stipulation between the parties.

1. That on the 9th day of September, 1984, Howard Washburn sustained accidental injuries which resulted in his death that day.

2. That his only survivors under the Workers' Compensation Law of the State of Texas are his parents, Gary and Sharron Washburn.

3. That Howard Washburn had been regularly employed as a security guard for Murray Guard, Inc., his regular 40–hour week service being at a [United Parcel Service] location in Mesquite, Texas, from Monday through Friday.

4. That on Sunday, the 9th day of September, 1984, Howard Washburn would have been off work. That on said date at approximately 8:00 a.m., he received a call from his employer, Murray Guard, Inc., and was advised that there was some overtime work available at the Turnpike Distribution Center in Dallas, Texas, for that day, September 9[,] 1984. That Howard Washburn had not previously worked at the Turnpike Distribution Center. That a security guard employed by Murray Guard, Inc. had failed to show up at the Turnpike Distribution Center in order to relieve another security guard employed by Murray Guard, Inc. that was on duty at said location.

5. That Howard Washburn was given the option of accepting the overtime employment or rejecting same. That Howard Washburn accepted the overtime employment and that Howard Washburn, dressed in his security guard clothes, was on his motorcycle commuting to work at the time he was killed.

6. That Howard Washburn would have been paid by Murray Guard, Inc. for the time beginning when he actually arrived at the Turnpike Distribution Center. That Howard Washburn would not have been paid by Murray Guard, Inc. for any travel time to said location and would not be paid by Murray Guard, Inc. for any time prior to his arrival at the Turnpike Distribution Center.

7. That Murray Guard, Inc. did not furnish transportation to Howard Washburn in his employment with Murray Guard, Inc. nor did Murray Guard, Inc. reimburse Howard Washburn for any expenses related to his transportation to or from work and, in particular, to or from the Turnpike Distribution Center on the date in question. That Howard Washburn was responsible for his own transportation and was responsible for all expenses in connection with said transportation when traveling to or from a particular location to work as a security guard for Murray Guard, Inc.

8. That at the time of his death, his average weekly wage was the sum of $180.00 per week.

9. That no nature of administration is pending on the Estate of Howard Washburn, Deceased, and that his sole heirs-at-law are his parents, Gary Washburn and Sharron Washburn, and that they have sustained reasonable and necessary funeral bills in excess of the sum of $2,500.00.

10. That claim for death benefits under the Workers' Compensation Law of the State of Texas was duly filed, Exhibit "A" attached hereto being a true copy thereof.

11. That on the 9th day of July, 1985, the Industrial Accident Board of the State of Texas made its award denying all claims presented, a true copy thereof being attached hereto and marked Exhibit "B".

12. That on the 10th day of July, 1985, Associated Indemnity Corporation filed its Notice of Appeal from the award of July 9, 1985, a true copy of such Notice being attached hereto and marked Exhibit "C".

13. That on the 10th day of July, 1985, Associated Indemnity Corporation filed its Original Petition in this cause, a copy of same is attached hereto and marked Exhibit "D".

14. That on the 16th day of July, 1985, Associated Indemnity Corporation filed its First Amended Original Petition in this cause, same constituting its trial pleading herein.

15. That at the time of the accident, Howard Washburn was not in the course and scope of his employment with Murray Guard, Inc., unless Associated Indemnity Corporation is estopped from denying that Howard Washburn was in the course and scope of his employment with Murray Guard, Inc. by reason of its conduct after the entry of the award of the Industrial Accident Board of July 9, 1985.

16. That on the 12th day of July, 1985, Gary and Sharron Washburn, Individually and as Representatives of the Estate of Howard Washburn, Deceased, filed their Notice of Appeal from the Award of July 9, 1985, a true copy of such Notice being attached hereto and marked Exhibit "E". However, after filing such Notice of Appeal, Gary and Sharron Washburn, Individually and as Representatives of the Estate of Howard Washburn, Deceased, did not file suit to appeal the Award of the Industrial Accident Board.

■ The Washburns point out that the board's award favorable to the carrier died at the carrier's own hand. We agree. The trial court having acquired jurisdiction of the cause and the parties in the present case, the award of the board is vacated and is no longer in force. *Zurich General Accident & Liability Ins. Co. v. Rodgers*, 128 Tex. 313, 318, 97 S.W.2d 674, 676 (1936). Recognizing, however, that the vacating of the board's award is not the end of the matter, the Washburns argue that the carrier's notice of appeal of the favorable board award and institution of its case means that the carrier desired the result of an award of the benefits sought and, therefore, that the carrier is estopped to take any position other than that it owes the benefits sought. In this connection, the Washburns point out that the carrier either owed nothing or it owed 360 weeks of compensation benefits plus funeral and burial benefits and that, as distinguished from so many injury cases, the carrier could owe nothing in between. We agree. Thus, the claim involves a sum certain.

■ With this background, we reach the question of whether the carrier is estopped from denying that Howard was in the course and scope of his employment and from denying that it owed 360 weeks of compensation benefits plus funeral and burial benefits. We begin by noting the difference between judicial estoppel and equitable estoppel recognized in *Long v. Knox*, 291 S.W.2d 292. The doctrine of judicial estoppel is not strictly speaking estoppel at all but arises from positive rules of procedure based on justice and

sound public policy. *Long*, 291 S.W.2d at 295. Judicial estoppel is to be distinguished from equitable estoppel based on inconsistency in judicial proceedings because the elements of reliance and injury essential to equitable estoppel need not be present. *Long*, 291 S.W.2d at 295. Under the doctrine of judicial estoppel, as distinguished from equitable estoppel by inconsistency, a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made. *Long*, 219 S.W.2d at 295.

Both parties cite and rely upon *Long*. The carrier, however, treats the question before us as whether the doctrine of judicial estoppel is applicable. Indeed, in its sole reply point and argument thereunder addressing estoppel, the carrier seeks to frame the issue as limited to the doctrine of judicial estoppel. We quote the carrier's first reply point: "The honorable trial court correctly ruled that the *doctrine* of *judicial estoppel* was not applicable against [the carrier]." (Emphasis added.) We conclude, however, that the carrier frames the appellate argument advanced by the Washburns too narrowly. We read the Washburns' argument to maintain that the doctrine of equitable estoppel is dispositive of the question before us. We reach this reading of the Washburns' argument in light of this language from the Washburns' brief immediately following their quotation from *Long*'s applicable language. "The case at bar is a stronger one than *Long v. Knox*, in that the prior *inconsistent* judicial position was taken in this same cause as distinguished from being a sworn position in some other prior proceeding." (Emphasis added). Thus, the Washburns assert the carrier's prior inconsistency of position in a judicial proceeding as distinguished from the allegation or admission in pleadings in a former proceeding under oath by the carrier.

■ We agree with the carrier that the doctrine of judicial estoppel was not applicable against the carrier. In the instant case, the Washburns do not contend that the carrier alleged or admitted in pleadings in a former proceeding under oath the contrary to any assertion sought to be made in the present case. Therefore, we hold that neither the giving of notice of appeal from an award of the board nor the filing of an original petition in a court in order to appeal from a favorable board award constitutes an allegation or admission in a former proceeding under oath. Thus, we conclude further that the doctrine of judicial estoppel was not applicable against the carrier. Consequently, if the sole question before us was whether the doctrine of judicial estoppel was applicable we would be compelled to affirm the trial court's judgment.

■ Judicial estoppel, however, is not the sole question before us. Thus, we must determine if the carrier has taken a prior inconsistent judicial position as argued by the Washburns. Furthermore, if we decide that the carrier has taken a prior inconsistent judicial position, we must then determine whether the Washburns satisfied the elements of both (1) reliance upon the asserted inconsistency and (2) injury suffered as a result of that reliance. In short, the issue becomes whether the doctrine of equitable estoppel was applicable against the carrier. As pointed out in *Long*, equitable estoppel is based on inconsistency in judicial proceedings and reliance and injury are essential elements that must be established for the doctrine to apply. *See Long*, 291 S.W.2d at 295. Therefore, we first address the question of whether the carrier has taken a prior inconsistent judicial position. The function of the board is quasi-judicial; its award is entitled to the same faith and credit as the judgment of a court; and it is not subject to judicial attack. *Moore v. Means*, 549 S.W.2d 417, 418 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.). In *Moore*, the worker filed a claim with the board and accepted the benefits awarded. Thereafter, the worker sued a fellow employee for personal injury damages asserting that the fellow employee was not acting in the course of his employment at the time the fellow employee as-

saulted the worker. The court treated the worker's claim before the board as a prior inconsistent judicial position. Where one takes one position in a judicial proceeding, he cannot later take a plainly inconsistent position in another proceeding. *Moore*, 549 S.W.2d at 419. We conclude, therefore, that in the present case the proceedings before the board constituted a prior judicial proceeding. Furthermore, for the purpose of this opinion, we assume, but do not decide, that the carrier's notice of appeal and institution of its case constituted a statement by the carrier that the carrier rejected its victory and desired the result of an award of the benefits sought by the Washburns. Thus, we conclude that the carrier has taken a prior inconsistent position before the board. Therefore it follows, and we so conclude, that the carrier has taken a prior inconsistent judicial position from that which it advances in the present case.

Next, we address the question of whether the Washburns satisfied the elements of reliance upon the inconsistency and injury suffered as a result of that reliance. Two days after the carrier filed its notice of appeal, the Washburns filed their notice of appeal with the board in the prior judicial proceedings. Thus, the Washburns made known their intent to pursue their claim in a court of competent jurisdiction. Thus, two days after the carrier rejected its victory and stated that it desired the result of an award of the benefits sought by the Washburns, the Washburns in turn made known their intent to pursue their claim in a court of competent jurisdiction. We conclude that the Washburns' expressed intent to so pursue their claim means that the Washburns ignored the carrier's earlier statement that the carrier desired the result of an award of the benefits sought by the Washburns. Thus, the carrier's capitulation was of no moment to the Washburns. It follows, and we so conclude, that the Washburns did not rely upon the carrier's prior inconsistent judicial position. The element of reliance failing, we hold that the carrier was not estopped under the doctrine of equitable estoppel from denying

that Howard was in the course and scope of his employment and from denying that it owed 360 weeks of compensation benefits plus funeral and burial benefits. Absent reliance, we need not decide whether the Washburns suffered injury as a result of their reliance upon the carrier's inconsistency.

We turn now to consider whether the trial court correctly decided that there were no genuine issues of material fact raised by the Washburns' action against the carrier and that the carrier was entitled to judgment as a matter of law. We have held that the carrier is not estopped from denying that Howard was in the course and scope of his employment. Consequently, under stipulation number fifteen the parties agreed that Howard was not in the course and scope of his employment. Therefore, we conclude that the trial court correctly determined that there were no genuine issues of material fact raised by the Washburns' action against the carrier and that the carrier was entitled to judgment as a matter of law.

We overrule the Washburns' three points of error and affirm the judgment of the trial court.