**Bonnie F. PRICE, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 12–89–00097–CV.**

Court of Appeals of Texas, Tyler.

Dec. 29, 1989.

Jimmy Negem, Bailey, Negem, Patterson & Drott, Tyler, for appellant.

Joann N. Wilkins, David M. Weaver, Burford & Rayburn, Dallas, for appellee.

PER CURIAM.

This is an appeal from a summary judgment entered against Appellant, Bonnie F. Price, in her suit against Appellee, Texas Employers' Insurance Association (hereinafter "TEIA"), for breach of the duty of good faith and fair dealings in the processing and handling of two workers' compensation claims (hereinafter referred to as "bad faith claim"). We affirm the trial court's summary judgment.

The underlying workers' compensation claims were settled in March of 1988, and the settlement is evidenced by a Release executed by Appellant and her attorney on March 10, 1988, and filed with the trial court on March 21, 1988. Said settlement agreement was approved in open court on March 21, 1988, and a judgment which had been agreed to and approved by the parties' attorneys was signed by the court on that date.

Approximately one month after settlement of her claims for injuries, Appellant brought a bad faith claim against Appellee. Appellee answered, and thereafter moved for summary judgment on the basis that: (1) the present bad faith claim was barred by the judgment in the prior suit involving the workers' compensation claims; (2) the agreement (Release) and judgment in the prior suit constituted judicial admissions of Appellant which estopped Appellant from asserting the present claim; and (3) the summary judgment evidence conclusively negated at least one essential element of Appellant's bad faith claim. The trial court heard the Appellee's motion for summary judgment on March 10, 1989, and entered its "Order Granting Motion for Summary Judgment of Texas Employers' Insurance Association" (hereinafter "Summary Judgment"). Appellant has appealed from the trial court's Summary Judgment asserting two points of error.

The standard of review on appeal from a summary judgment is "whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action." *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970).

In 1988, the Texas Supreme Court held that an insurance carrier handling a workers' compensation claim owes a duty of good faith and fair dealing to the claimant, and the breach of that duty is a tort separate and distinct from the underlying claim for injury and is independent of the Industrial Accident Board's (hereinafter "IAB") rules. *Aranda v. Insurance Company of North America,* 748 S.W.2d 210 (Tex.1988). To be successful on a bad faith claim, the claimant must establish both of the following elements:

(1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy, *and*

(2) that the carrier knew, or should have known, that there was not a reasonable basis for denying the claim or delaying payment of the claim.

*Id.* at 213. The court in *Aranda* further pointed out that in applying this test, insurance carriers still maintain the right to deny *invalid, uncertain or questionable claims,* and are not subject to liability for an erroneous delay of a claim. *Id.* at 213; *Izaguirre v. Texas Employers' Insurance Association,* 749 S.W.2d 550, 555 (Tex.App. —Corpus Christi 1988, writ denied).

Appellant's first point of error states that the trial court erred in granting Appellee's motion for summary judgment because the settlement of Appellant's underlying workers' compensation claim did not bar Appellant's bad faith claim on the basis of the doctrine of res judicata or some other ground of estoppel.

The applicability of collateral estoppel to a particular judgment is a question of law. *Martin v. U.S. Trust Co. of New York,* 690 S.W.2d 300 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

■ In order to collaterally estop Appellant, Appellee must have established that:

(1) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action;

(2) the issue decided in the first action was identical to the issue in the pending action;

(3) the issue was actually litigated;

(4) the opposing party had a full and fair opportunity to litigate the merits of the issue; and

(5) the issue finally was determined on the merits and was necessary, essential and material to the outcome of the prior action.

*Benson v. Wanda Petroleum Company,* 468 S.W.2d 361 (Tex.1971); *Martin,* 690 S.W.2d at 307.

In the case at bar, on March 21, 1989, after having heard evidence in the case, a judgment was entered by the trial court which states in relevant part:

The Court having heard evidence thereon, is of the opinion that the liability of Defendant as well as the extent of alleged injury are *indefinite, uncertain and incapable of being satisfactorily established....* (Emphasis ours.)

Below the judge's signature, the attorneys for both parties signed the judgment as "Agreed and Approved." A certified copy of this judgment was placed into evidence in support of Appellee's Motion for Summary Judgment, and for the reasons stated below, we find that the judgment satisfies all five elements necessary to collaterally estop Appellant from relitigating the issue of the existence of a "questionable claim."

First, Appellant was a party to the prior action for recovery on her workers' compensation claims. Second, the issue decided in the action for workers' compensation benefits was identical to the issue necessary to prove a bad faith claim. The judgment in the first suit determined that Appellee's liability was "indefinite, uncertain and incapable of being satisfactorily established." The central issue in Appellant's bad faith cause of action is whether there is a reasonable basis for denying or delaying payment on the claim; if the claim is "indefinite, uncertain and incapable of being satisfactorily established," then a reasonable basis for denial or delay exists. *Aranda,* 748 S.W.2d 210–13. Thus, the issue of whether the claim was questionable, i.e., uncertain, has already been decided by the first suit.

Third, the issue has been litigated. Pursuant to Tex.Rev.Civ.Stat.Ann. Art. 8307 § 12a (Vernon's Supp.1989):

> [T]he court may approve a settlement agreement presented at any time before the jury has returned in the trial of the suit. In approving the agreement, the court may either conduct a hearing on the agreement or approve it without a hearing if the claimant submits a sworn affidavit acknowledging his agreement to settle the cause of action and evidencing his full understanding of all the provisions of the settlement agreement.

In the present case, the judgment reflects that the court heard evidence on the settlement of the claim before approving the settlement and entering its judgment. The principle of collateral estoppel applies whether the issue is heard by a tribunal or is determined by agreement of the parties. *Withers v. Republic National Bank*, 248 S.W.2d 271 (Tex.Civ.App.—Beaumont 1951, writ ref'd n.r.e.).

Fourth, Appellant has had a full and fair opportunity to litigate the issue. Appellant instigated the suit against TEIA for collection on her claims for injuries under the workers' compensation laws. There is no evidence before this Court to indicate that she was prevented from fully litigating her claim. The fact that Appellant opted to settle her claim was a matter of choice. The Release executed by Appellant makes this abundantly clear: "[T]he terms of this Release have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of the aforedescribed claims." Following execution of the Release, the court heard evidence on the issue of Appellee's liability before approving the settlement agreement.

Fifth, the issue decided was essential to the outcome of the first action. Tex.Rev. Civ.Stat.Ann. Art. 8307, § 12, provides that "where the liability of the association or the extent of the injury of the employee is uncertain, indefinite or incapable of being satisfactorily established, the board [Industrial Accident Board] may approve any compromise, adjustment, settlement or commutation thereof made between the parties."

Courts are to apply the same standard as the IAB when reviewing settlement agreements for court approval. *Esco v. Argonaut Insurance Co.*, 405 S.W.2d 860, 862 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.). Thus, an essential element in approving the settlement agreement was a determination of whether TEIA's liability was uncertain, indefinite or incapable of being determined.

All five elements of collateral estoppel having been met, the trial court correctly granted summary judgment against Appellant on the basis of res judicata/collateral estoppel.

■ Appellant's second point of error contends that the trial court erred in granting Appellee's motion for summary judgment because the settlement of Appellant's underlying workers' compensation claim did not constitute a judicial admission by Appellant that in any way would prevent her from pursuing a bad faith claim against TEIA. We disagree.

The fact that Appellant has already brought suit and settled her workers' compensation claims for injuries does not in and of itself preclude litigation of the bad faith claim. *Izaguirre*, 749 S.W.2d at 554. However, pleadings and stipulations filed by Appellant/Plaintiff in other actions which contain statements inconsistent with her present position are receivable as admissions. *Id.* at 555. A judicial admission is conclusive upon the party making it; thus, if Appellant has made a judicial admission in a previous suit, it not only relieves her adversary from making proof of the fact admitted, but it also bars her from disputing the fact admitted. *Mendoza v. Fidelity & Guaranty Insurance Underwriters*, 606 S.W.2d 692 (Tex.1980); *Gevinson v. Manhattan Construction Co.*, 449 S.W.2d 458 (Tex.1969); *Cameron County*

*v. Velasquez,* 668 S.W.2d 776 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

The parties in the case at bar entered into a settlement of the underlying workers' compensation claims. In exchange for Appellee's payment of the agreed upon sum, Appellant and her attorney executed a Release on March 10, 1988, which read in relevant part as follows:

> It is expressly understood that by the making of this settlement, Texas Employers' Insurance Association does not admit liability for any sum, this agreement being the result of a *bona fide disputed claim.*
>
> Bonnie F. Price, joined by her attorney, Jimmy M. Negem, hereby declares that the terms of this Release have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of the aforedescribed claims. (Emphasis ours.)

Said Release was filed with the trial court on March 21, 1988.

The above-quoted language constitutes Appellant's stipulation that her claim was disputed in good faith, and thus constitutes a judicial admission as to that issue. Thus, Appellant's judicial admission that her claim was a bona fide disputed claim estops her from asserting a bad faith cause of action against Appellee since no bad faith cause of action will lie against an insurance carrier where a claim is uncertain or questionable, i.e., disputed in good faith. *Aranda,* 748 S.W.2d at 213; *Izaguirre,* 749 S.W.2d at 555.

█ Finally, although not addressed in Appellant's brief, one of the grounds asserted for summary judgment by Appellee was that the summary judgment evidence conclusively negated at least one element of Appellant's present claim. We agree.

Appellant introduced as evidence in support of her summary judgment, certified copies of the Release signed by Appellant and her attorney, and the court's judgment which had been approved by the attorneys for both parties. We believe that the above-quoted portions of those documents establish as a matter of law that there is no genuine issue of fact as to at least one of the essential elements of Appellant's cause of action. Since Appellant placed into evidence no counter-evidence by sworn affidavit, or otherwise, no issue of material fact was raised, and Appellee's evidence successfully and conclusively refuted at least one essential element of Appellant's cause of action as a matter of law.

Thus, we hold that Appellee, TEIA, successfully carried its heavy burden of proof and conclusively proved all elements of its affirmative defenses of collateral estoppel, and negated as a matter of law one of the elements of Appellant's bad faith claim. Since the trial court's judgment does not specify the ground relied upon for its ruling, the summary judgment should be affirmed if any of the theories advanced are meritorious. *Borg–Warner Acceptance Corp. v. C.I.T. Corp.,* 679 S.W.2d 140, 142 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.). If success on any one of these three grounds would have been sufficient to affirm the judgment, it stands to reason that success on all three grounds entitles Appellee to an affirmance of the trial court's summary judgment.

Accordingly, the judgment of the trial court is affirmed.