**Leonard J. MROZ, Appellant,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, Appellee.**

**No. B14–90–00833–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 5, 1992.

Rehearing Denied April 9, 1992.

Milton J. Flick, Houston, for appellant.

Joseph A. Garnett, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a summary judgment for appellee in a suit brought by appellant for damages for breach of the duty of good faith and fair dealing in the handling of an underlying workers' compensation case. Following the award of workers' compensation benefits to appellant by the Industrial Accident Board, appellee filed suit to set aside the Board's award. Thereafter, the district court in that workers' compensation suit rendered a judgment pursuant to a settlement agreement of the parties. Appellant received a lump sum payment of $42,500.00 and lifetime medical payments for any further treatment of his claim-related injuries.

The trial court approved the settlement agreement and rendered judgment without a hearing, pursuant to TEX.REV.CIV.STAT. ANN. art. 8307, sec. 12a (Vernon 1989), then in effect. The court based its judgment on appellant's affidavit which acknowledged his agreement to settle the action and which evidenced his understanding of the settlement provisions. The entire agreement between the parties consisted of the judgment and supporting affidavit. Appellant's notarized signature appears on the affidavit and both appellant and his counsel signed and approved the form and substance of the judgment.

Shortly after the settlement of the workers' compensation case, appellant filed this

cause of action alleging that the insurance company breached its duty of good faith and fair dealing by failing to make timely payment of the benefits awarded by the Industrial Accident Board. In its Amended Motion for Summary Judgment appellee specified grounds of collateral estoppel, judicial admissions and judicial estoppel, all resulting from settlement of the underlying workers' compensation case.

In five points of error appellant contends the trial court erred in rendering summary judgment in favor of the appellee.

Under his first point of error appellant argues that his bad faith claim is not barred by collateral estoppel, judicial admissions or judicial estoppel because at the time the judgment was rendered in the underlying workers' compensation case, Texas had not recognized the existence of a cause of action for damages for breach of the duty of good faith and fair dealing in the handling of a workers' compensation claim.

The judgment in the underlying workers' compensation case is dated February 22, 1987. In *Aranda v. Insurance Company of North America*, 748 S.W.2d 210 (Tex. 1988), the Texas Supreme Court for the first time held that an insurance company has a duty of good faith and fair dealing in the handling of a workers' compensation claim and is liable for a breach of that duty. *Aranda* was decided on March 23, 1988, more than a year after the judgment in Leonard Mroz's underlying compensation case.

Appellant contends that the instant case is controlled by the supreme court's decision in *Marino v. State Farm Fire & Casualty Insurance Company*, 787 S.W.2d 948 (Tex.1990). *Marino* held that res judicata did not bar an insured's action against his fire insurer alleging breach of the duty of good faith even though the insured had previously brought suit to recover on the policy where the cause of action for breach of the duty of good faith was not recognized until after the judgment was rendered in the first suit.

Appellee claims that *Marino* is distinguishable from the present case because in *Marino* res judicata was held not to bar the good faith claim, whereas, in the present case the summary judgment in favor of the insurance company was not granted on the basis of res judicata but instead on the basis of collateral estoppel, judicial admissions and judicial estoppel. We see no distinction. The reasoning by the supreme court for its decision in *Marino* applies with equal force to the instant case.

Because at the time the judgment was rendered in Mroz's underlying compensation case, Texas had not recognized a cause of action against an insurer for breach of the duty of good faith and fair dealing in the handling of a workers' compensation case claim, we now hold that collateral estoppel, judicial admissions and judicial estoppel do not bar appellant's bad faith claim against appellee. Therefore, appellant's first point of error is sustained.

Our disposition of appellant's first point of error is dispositive of this case and makes unnecessary any discussion of the remaining points of error.

The judgment of the court below is reversed and the cause is remanded to the trial court.